UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Apasha A. Blocker,

Plaintiff,

v.

Brookfield Properties LLC and Four Unidentified Security Guards,

Defendants.

Civil File No. 00-1459 PAM/JGL

**STIPULATION AND PROTECTIVE ORDER**

Plaintiff and defendant Brookfield Properties (US) LLC, by and through their respective counsel, agree to the terms of this Protective Order, which is issued by the Court pursuant to Rule 26.03 of the Minnesota Rules of Civil Procedure.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Any party may designate as Confidential all or any part of any document or material which it produces in discovery in this action and all or any part of any record of testimony given at any deposition in this action. The designation of a document or other material as Confidential shall be made only after a bona fide determination by the producing party that the document or other material contains information pertaining to security, crime prevention, personnel matters, or other sensitive or confidential information as envisioned by Rule 26.03, Minnesota Rules of Civil Procedure. Such designation shall be effective subject to the provisions of paragraph 3.

2. The designation of a document as Confidential shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." The designation shall be made prior to, or contemporaneously with, the

FILED OCT 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

production or disclosure of the document. The designation of deposition testimony and transcripts and the information therein shall be made during the deposition or by written notice to the reporter and all counsel of record within ten days after the transcript is received by any party or its counsel. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession and under their control as directed by the designating party.

3. Nothing in the provisions of this Order shall be deemed to preclude any party from claiming that any matter designated as Confidential is not entitled to protection. In the event that any party designates a document or material as Confidential which is later found not entitled to such protection, the Court may, on a motion for relief from such designation, award to the moving party its costs and fees resulting therefrom, if it finds that such designation was made without substantial justification. A document or other material that is subject to a dispute as to whether it should be protected shall, until further order of the Court, be treated as Confidential in accordance with the provisions of this order.

4. Any party to whom a Confidential document, other material, or copy thereof, is produced shall retain the same in strictest confidence, and shall not disclose such document or other material or information contained therein to any persons other than Qualified Persons (as defined below) without the prior written consent of the party which produced such document, or by prior order of the Court.

5. "Qualified Person," as that term is used in this Order, means:

a. All attorneys of record who represent any party in this action;

b. Any paralegal, secretarial, stenographic reporting or clerical person employed by such attorneys;

c. Any consultant, investigator or expert employed by any party or its attorneys to assist in the preparation of this case for trial; and

d. Any party to this action or any employee of any party.

6. Any party who receives a Confidential document, other material, or copy thereof, shall maintain the same so as to preclude access by persons who are not Qualified Persons. Recipients of Confidential documents and other materials shall not use the same for any purpose, other than preparing for trial or an appeal in this action.

7. Recipients of Confidential documents or other materials shall deliver a copy of this Order to every Qualified Person to whom Confidential documents or other materials are disclosed and all restrictions and prohibitions set forth in this Order shall apply and extend to such Qualified Persons. Every Qualified Person to whom Confidential documents or other materials are disclosed shall execute a certification in the form of Exhibit A attached hereto and shall deliver such certification to the attorney of record in this action which provided them with the Confidential document, other material, or copy thereof. That attorney will immediately provide a copy of the certification to all other attorneys of record in this action.

8. All Confidential documents and materials submitted or presented to, or filed with, the Court shall be placed under seal and shall not be made available to persons other than the Court and persons authorized by this Order. Confidential documents and materials shall be filed in sealed envelopes upon which the title of this action is placed, the word "CONFIDENTIAL" is prominently displayed, and a statement in substantially the following form is placed:

> THIS ENVELOPE CONTAINS DOCUMENTS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

No sealed envelope shall be opened without an order from the Court. If any Confidential document or other material is used in any deposition, trial or other court proceeding herein, it shall not lose its confidential status through such use, and the party using it shall take all steps reasonably required to protect its confidentiality during such use. All Confidential documents or materials filed with the Court shall be filed in sealed envelopes marked as Confidential.

9. If a Confidential document or other material is filed with the Court, the Confidential document or other material shall be filed in a sealed envelope and endorsed in accordance with paragraph 8 of this Order. Confidential documents shall not be reproduced in briefs or other documents and other materials filed with the Court, except under seal.

10. Upon final disposition of this action, every recipient of Confidential documents and other materials shall return the same and all copies thereof to the party which produced them, including any and all copies including, but not limited to, those the recipient provided to any "Qualified Person" under paragraph 5 of this Order, and certify in writing to compliance with this provision.

11. By agreeing to this Order, none of the parties shall be deemed to have waived any objections to producing documents or other materials requested in any previous or future request for production.

12. No part of the restrictions imposed by this Order may be modified or terminated, except by the written Stipulation executed by the attorney of record for each designating party, or

by an Order of this Court for good cause shown. The settlement or other conclusion or termination of this action shall not terminate this Order.

Issued at Minneapolis, Minnesota this 20th day of October, 2000.

______________________________
Judge of District Court

Dated: Oct 17, 2000

**THE MOBLEY LAW FIRM**

By: ______________________________
Michael Mobley, #0259639
Suite 4540 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 338-5638

Dated: Oct 19, 2000

**BRIGGS AND MORGAN, P.A.**

By: Karna A Berg
Karna A. Berg, #198432
2200 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101
(651) 223-6600

**Attorneys for Defendant Brookfield Properties (US) LLC**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Apasha A. Blocker,

Plaintiff,

v.

Brookfield Properties LLC and Four Unidentified Security Guards,

Defendants.

Civil File No. 00-1459 PAM/JGL

**CERTIFICATION**

---

1. The undersigned has read or has had read to him or her the Stipulation and Protective Order dated _____________, 2000, entered in this litigation.

2. The undersigned understands and agrees that pursuant to this Order, he/she/it is bound by the Order, may not divulge any Confidential information except pursuant to the Order, and will not use the Confidential information for any purpose, except as permitted by the Order.

Dated: ________________________

_____________________________________
Certifying Person

**EXHIBIT "A"**

OCT 20 2000

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.